Dear Commissioner Wooley:
This office is in receipt of your request for an opinion of the Attorney General regarding the retention of Department of Insurance (DOI) records. The records you specifically referenced are those relating to (1) premium taxes and (2) credits applied and assessments by DOI.
You ask the following questions:
1. Are records of premium taxes and assessments permanent records?
 2. If the answer to "1" above is "no", would it be permissible to destroy those records after five years?
The classification of a record as "permanent" is not for this office to decide. It is a determination to be made in the Department of Insurance's Retention Schedule, to be approved by the Louisiana Secretary of State's office prior to the destruction of any records. After talking with the Record Management Officer Statewide, I was informed that the retention schedule is currently being drafted by DOI, with the help of the Secretary of State's office. It is this schedule that will determine whether or not to classify records as "permanent", and at what time the records can be destroyed.
Retention Schedules are statutorily required of all state agencies in LSA R.S. 44:411. LSA R.S. 44:411 states, in pertinent part:
 A. The secretary, acting through the state archivist, shall establish standards for the selective retention of records of continuing value, and monitor state and local agencies in the application of such standards to all records in their custody. To facilitate this application:
 (1) The head of each agency shall submit to the state archivist, in accordance with the policies, rules, and regulations prescribed by the secretary and the implementational standards and procedures established by the state archivist, schedules proposing the length of time each state record series warrants retention for administrative, legal, or fiscal purposes after it has been created or received by the agency.
 (2) The head of each agency shall also submit to the state archivist lists of state records in the custody of that agency which are not required for the transaction of current business and which lack sufficient administrative, legal, or fiscal value to warrant further retention and request that the state archivist authorize appropriate disposal.
 B. The secretary, acting through the state archivist, shall also notify the head of any such agency of any actual, impending, or threatening unlawful removal, defacing, alteration, or destruction of records in the custody of such agency that shall come to his attention, and initiate action through the attorney general for the recovery of such records as shall have been unlawfully removed and for such other redress as may be provided by law. In any case in which records or other materials of actual or potential archival significance are determined by the state archivist to be in jeopardy of destruction or deterioration, and such material is not essential to the conduct of daily business in the agency of origin, the secretary shall have authority to require and schedule transfer of said records to the physical and legal custody of the division and the state archivist.
 C. To insure that the above enumerated reports and notifications are submitted and implemented, the chief executive officer of each state agency shall designate a records officer to act as liaison between the division and the agency on all matters relating to records management.
The definition as to what constitutes a "public record", as set forth in LSA R.S. 44:1, encompasses more than generally thought of when referring to "public records". Public records that are required to be open to inspection by the general public consist of all records included in the definition, but may be exempted from inspection by an exception listed either in LSA R.S. 44:4.1 or in the Louisiana Constitution, or may not be considered to be a public record at all. The agency may, however, still be required to keep records on a retention schedule that are exempted from being open to inspection by the general public.
LSA R.S. 44:1(A)(1) defines "public body" as follows:
 As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
LSA R.S. 44:1(A)(2)(a) defines what constitutes records as follows:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.
It is the opinion of this office that any record fitting the description in LSA R.S. 44:1(A)(2)(a), above, is a record that must be considered and included on DOI's Retention Schedule. The determination to include the records on the schedule or not is to be made in an agreement between DOI and the Secretary of State's office. The Retention Schedule, as agreed upon, shall determine what records are to be permanent and at what time all records can be destroyed.
I hope this opinion provides you with information and guidance with regard to the retention of Department of Insurance records. Should you need additional information please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB;jnp